**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Mary Kathleen Benore, | : | Case No. 3: 08-CV-01738 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this case. Plaintiff requested judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's decision denying Plaintiff's request for waiver in the recovery of an overpayment of Title II Spouse's Insurance Benefits. The Magistrate found that the Commissioner's decision was supported by substantial evidence and dismissed the case (Docket No. 24). Plaintiff seeks reconsideration of the Memorandum Decision and Order (Docket No. 26). The Motion for Reconsideration is unopposed. For the reasons that follow, the Magistrate denies the Motion for Reconsideration.

**I.  BACKGROUND**

The procedural, factual and medical backgrounds as well as the applicable case law and statutes are set forth in the Memorandum Decision and Order. The facts relevant to the disposition of Plaintiff's Motion for Reconsideration are set forth on page eight of the Memorandum Decision and Order.

Specifically, the Magistrate determined the following:

"The Magistrate finds that this decision is supported by substantial evidence and will not be disturbed. The statues clearly state that a recipient who is without fault may be compelled to return the overpaid amount if it is determined that no hardship or inequity will result. In this case, Plaintiff did not present evidence that repayment would alter her circumstances. In fact, the uncontroverted evidence reveals that recovery in this case would not impose an economic burden on Plaintiff. Although Plaintiff's monthly income in 2005 was approximately $1916, from which she paid real estate taxes of $300, Medicare premiums and utilities, she had assets totaling approximately $240,000. She conceded that she should repay the difference in the amount she received versus the amount that she should have received. The ALJ's decision to refuse a waiver of recovery of the overpayment of funds under these circumstances is not contrary to the purpose of the Act nor does it offend equity and good conscience."

(Docket No. 24, p. 8).

## II.  THE ISSUE

Plaintiff contends that the Magistrate Judge failed to make a finding as to whether or not Plaintiff's overpayment was the result of her reliance on erroneous information from an official source within the Social Security Administration (SSA) pursuant to 20 C. F. R. § 404.510(b). Plaintiff requests that the Magistrate Judge make a finding that collection of the overpayment should have been waived.

## III.  MOTION FOR RECONSIDERATION STANDARD OF REVIEW

The federal rules do not provide for a "motion for reconsideration." *Corl v. Citizens Bank,* 2009 WL 650424, *3 (S. D. Ohio 2009). If a motion to reconsider is filed within ten days of the judgment, most courts will treat the motion as a motion to amend or alter the judgement under FED. R. CIV. P. 59(e). *Id.* (*citing Inge v. Rock Financial Corporation,* 281 F.3d 613, 617 (6th Cir. 2002)).

The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *Howard v. United States,* 533 F. 3d 472, 475 (6th Cir. 2008). Therefore, a Rule 59(e) motion may not be used to raise new arguments, to re-litigate old matters, or to present evidence that could have been raised prior to the entry of judgement. *Id*. A court may grant a Rule 59(e) motion to alter or amend if there is (1) a clear error

of law, (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corporation v. Henderson*, 428 F. 3d 605, 620 (6th Cir. 2005) *cert. denied,* 126 S. Ct. 1782 (2006).

## IV.  DISCUSSION

It is apparent that Plaintiff's request is not predicated on a clear error of law, newly discovered evidence or an intervening change in controlling law.  The basis for Plaintiff's request is construed to be"a need to prevent manifest injustice."

Even if the Magistrate agreed that the Commissioner failed to consider and/or make a finding that Plaintiff's overpayment was the result of her reliance on erroneous information, the function of the district court's review in social security cases is limited to a (1) search of the record; (2) determination if the Commissioner's decision is supported by substantial evidence; and (3) determination of whether the correct legal standards were applied.  *Elam ex rel. Golay v. Commissioner of Social Security,* 348 F.3d 124, 125 (6th Cir. 2003) (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  A reviewing court is precluded from making findings of fact to supplement those of the Commissioner.  *Buchanan v. Apfel*, 249 F. 3d 485, 489 (6th Cir. 2001).

The Magistrate, therefore, is not authorized to make a *de novo* **finding** as to whether Plaintiff's overpayment was the result of her reliance of erroneous information provided by an official source within the Social Security Administration.  Thus, the Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   May 13, 2010